**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THE NEW SCREEN ACTORS GUILD,

    Plaintiff,

    v.

THE SCREEN ACTORS GUILD,

    Defendant.
_____/

No. C 06-5363 PJH

**ORDER DISMISSING COMPLAINT AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS**

Before the court is plaintiff's application for leave to proceed in forma pauperis ("IFP"). Because the court finds that plaintiff fails to state a claim, the complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

**BACKGROUND**

Pro se plaintiff The New Screen Actors Guild filed this action on August 31, 2006, alleging that defendant The Screen Actors Guild ("SAG") violated its constitutional rights. Plaintiff also filed an application for a temporary restraining order ("TRO"), seeking an immediate hearing. Based on statements in the application for the TRO, which was filed in conjunction with the complaint, the court interprets the complaint as also alleging a common law claim of theft. However, plaintiff alleges no facts in support of either the constitutional claims or the claim of theft.

**DISCUSSION**

A.   Legal Standard

Under 28 U.S.C. § 1915(a), "[a]ny court of the United States may authorize the commencement . . . of any suit . . .without prepayment of fees or security therefor, by a person who makes the affidavit that . . . the person is unable to pay such fees or give security therefor."  The court shall dismiss an IFP case at any time, sua sponte, if the court discovers that the action is frivolous or malicious, fails to state a claim for which relief may be granted, or seeks relief against a defendant who is immune.  28 U.S.C. § 1915(e)(2)(B).

For purposes of 28 U.S.C. § 1915, a frivolous claim is one that lacks an arguable basis in either law or fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A complaint lacks an arguable basis in fact or law only if controlling authority requires a finding that the facts alleged fail to establish an arguable claim.  Guti v. INS, 980 F.2d 495, 496 (9th Cir. 1990).  In reviewing a complaint for frivolity, a trial court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Neitzke, 490 U.S. at 327; see Denton v. Hernandez, 504 U.S. 25, 32 (1992) (Unlike 12(b)(6), the IFP statute gives judges the power to dismiss complaints that are based on "indisputably meritless legal theor[ies].")  Thus, a court may dismiss as frivolous complaints that recite bare legal conclusions without any supporting facts. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984).

Dismissal on these grounds is often ordered sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints.  Neitzke, 490 U.S. at 324.  Where a litigant is acting pro se and the court finds the litigant's complaint frivolous within the meaning of 28 U.S.C. § 1915(e)(2), the court must give the litigant notice of the deficiencies of the complaint and an opportunity to amend before final dismissal, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); see also Eldridge v. Block, 832 F.2d 1132, 1135-37 (9th Cir. 1987).

2

B.  Analysis

The court has carefully reviewed the complaint and finds that it fails to state a claim. As an initial matter, the plaintiff cannot bring a § 1983 action against the defendant, a private entity, because § 1983 requires that the asserted constitutional violations be committed by a person acting under color of state law.  Even if the plaintiff had sued a proper defendant, the complaint fails to meet the requirements of Federal Rule of Civil Procedure ("FRCP") 8(a) because it did not include sufficient facts to support the underlying constitutional claims.  Based on the foregoing, the court must dismiss the plaintiff's complaint because it fails to state a claim.

    1.  Constitutional claims

        a.  42 U.S.C. § 1983

Title 42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred.  See Graham v. Connor, 490 U.S. 386, 393-94 (1989).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda County, 811 F.2d 1243, 1245 (9th Cir. 1987).

With respect to the first element of § 1983, in order for a complaint to state a claim arising under federal law, it must be clear from the face of plaintiff's well-pleaded complaint that there is a federal question.  See Easton v. Crossland Mortgage Corp., 114 F.3d 979, 982 (9th Cir. 1997).  With respect to the second element of § 1983, a person acts under color of state law if he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."  West, 487 U.S. at 49 (citation and internal quotation marks omitted).  A private entity generally does

not act under color of state law. See Gomez v. Toledo, 46 U.S. 635, 640 (1980). Thus, the second prong of § 1983 excludes from its ambit exclusively private conduct, no matter how discriminatory or wrongful that conduct is. American Mfr. Ins. Co. v. Sullivan, 526 U.S. 40, 52 (1999). The only exception is if there is a sufficiently close nexus between the state and the private actor "so that the action of the latter may be fairly treated as that of the state itself." Id. (citing Jackson v. Metropolitan Edison Co., 419 U.S. 345, 350 (1974)). Such a nexus exists only if the state "exercises coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." Id.; see Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 166 (1978).

Here, the plaintiff has sued a private entity. SAG, an affiliate of the AFL-CIO, is a labor union that represents approximately 120,000 actors. See The Screen Actors Guild, http://www.sag.org. Because SAG is a private entity and there is no indication that it exercises any power by virtue of state law, the plaintiff cannot sue the defendant for violations of § 1983.

Moreover, plaintiff did not include any facts in support of the underlying constitutional claims. FRCP 8(a) requires a plaintiff to provide a "short and plain statement of the claim showing that the pleader is entitled to relief." The complaint does not set forth sufficient facts for the defendant or the court to be on notice regarding the conduct that gave rise to the plaintiff's allegations. Accordingly, the court finds that the plaintiff has failed to state a claim.

2.      Representation of unincorporated associations

Title 28 U.S.C. § 1654 empowers parties to "plead and conduct their own cases personally." Section 1654 does not allow unlicensed laypersons to represent unincorporated associations, except in extraordinary circumstances. Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993). Corporations, partnerships, or associations may only appear in federal court through a licensed attorney. Id.; see also U.S. v. High Country Broad. Co., Inc., 3 F.3d 1244, 1245 (9th Cir. 1993). Moreover, only natural persons can proceed IFP. Rowland, 506 U.S. at 203. Thus, an unincorporated association must be

4

represented by an attorney and cannot proceed IFP. Church of the New Testament v. U.S., 783 F.2d 771, 773-74 (9th Cir. 1986).

Mr. Charles Caston, the alleged C.E.O. of plaintiff The New Screen Actors Guild, signed the complaint on behalf of the named plaintiff. Mr. Caston did not name himself as a plaintiff. Because Mr. Caston is a layperson and not a licensed attorney, he cannot represent The New Screen Actors Guild in the instant case. Moreover, unincorporated associations cannot represent themselves and only natural persons can proceed IFP. Thus, plaintiff's request to proceed IFP must also be denied on this basis.

3. Leave to amend.

Where the district court dismisses a plaintiff's IFP complaint under § 1915(e)(2), the court should grant leave to amend unless it determines that allowing the plaintiff to replead will not resolve the deficiencies in the complaint. Lopez v. Smith, 203 F.3d 1122, 1126-28 (9th Cir. 2000) (en banc).

The court finds that the complaint must be dismissed without leave to amend. In order to proceed with the constitutional claims under 42 U.S.C. § 1983, plaintiff must assert that defendant violated a constitutional right, and must also state facts showing that the constitutional violation was committed by a person or entity acting under color of state law. However, regardless of the facts pled, plaintiff cannot state a claim against SAG under § 1983 because SAG is a private entity. Thus, amendment would not cure the defects of the complaint.

4. State law claim of theft

In the application for the TRO, the plaintiff asserts a common law claim of theft, a state-law violation. A district court has discretion to decline to exercise supplemental jurisdiction over state law claims if it dismisses all federal causes of action for which it had original jurisdiction. Acri v. Varian Assoc., 114 F.3d 999, 1000 (9th Cir. 1997) (en banc). District courts "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original

jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c) (emphasis added).

Thus, if the federal claims over which the district court had original jurisdiction are dismissed, the court has discretion to retain jurisdiction over the state law claims. Brady v. Brown, 51 F.3d 810, 816 (9th Cir. 1995); Schwarzer, Tashima & Wagstaff, Federal Civil Procedure Before Trial, § 2:91.1. "To decline jurisdiction under § 1367(c)(3), the district court must first identify the dismissal that triggers the exercise of discretion and then explain how declining jurisdiction serves the objectives of economy, convenience and fairness to the parties, and comity." Trustees of Constr. Indus. v. Desert Valley Landscape & Maintenance, Inc., 333 F.3d 923, 925 (9th Cir. 2003); see also Executive Software No. Am., Inc. v. U.S. Dist. Ct., 24 F.3d 1545, 1552-55 (9th Cir. 1994).

Because this court is dismissing the plaintiff's constitutional claims at such an early stage in the litigation and it is more practical to have the state court adjudicate any state-law claims, the court dismisses the theft claim without prejudice.

**CONCLUSION**

In accordance with the foregoing, the court dismisses the complaint for failure to state a claim. The claims that the defendant violated plaintiff's first, fourth, fifth, sixth, and eighth amendment rights are DISMISSED WITH PREJUDICE.

To the extent that the plaintiff has alleged a state-law claim of theft, the court declines to exercise supplemental jurisdiction and thus DISMISSES this cause of action WITHOUT PREJUDICE to refiling in state court.

**IT IS SO ORDERED.**

Dated: October 11, 2006

PHYLLIS J. HAMILTON
United States District Judge